Filed 6/15/22  P. v. Brock CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>RONALD BROCK,<br><br> Defendant and Appellant. | 2d Crim. No. B313769<br>(Super. Ct. No. NA051026)<br>(Los Angeles County) |

Ronald Brock appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.91.[1]  For reasons we shall explain, we dismiss the appeal.

### PROCEDURAL BACKGROUND

In 2003, a jury convicted appellant of ten counts of lewd or lascivious conduct with a child under 14 years of age (Pen. Code, § 288, subd. (a)).  He was sentenced to a total of 26 years in

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

prison.  On count 8, the base count, appellant received the upper term of eight years.  On each of the remaining counts, counts 9 through 17, he was sentenced to two years -- one-third the middle term of six years.  Counts 1 through 7 were dismissed pursuant to section 1385.

Appellant's petition, which was filed in 2019, requested resentencing based on mental health issues related to his prior military service.[2]  Section 1170.91, subdivision (a) authorizes the court, when sentencing a felony defendant who is or was a member of the United States military, to consider as a factor in mitigation, in imposing a determinate term sentence, that the defendant "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service." The statute applies retroactively to defendants sentenced before January 1, 2015.  (See *id.*, subd. (b)(1)(B).)

Appellant appeared with counsel at the hearing on the petition.  The trial court acknowledged appellant's health conditions and his prior military service but did not find that the conditions stemmed from his service.  Citing a September 26, 2002 psychological report, the court found that the sentencing court was aware of appellant's prior military service and that the report "is indicating that all issues did not occur as a result of any military service, not to mention it does not appear that [appellant] was deployed in any shape, way or form."  The court determined appellant's health condition "was caused by a very difficult and traumatic childhood but it had absolutely nothing to

---

[2] Although appellant filed the petition on a pre-printed habeas corpus form, the trial court appropriately treated it as a petition for relief under section 1170.91.

2

do with the military." The court stated: "[Y]ou can say it's a factor in mitigation and the court greatly appreciates that he served his country, [but] it does not negate what he did to his daughter in this particular case."

We appointed counsel to represent appellant in this appeal After an examination of the record, counsel filed an opening brief which raises no arguable issues. We advised appellant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. He subsequently filed a 14-page typewritten supplemental brief.

Because this is an appeal from an order denying postconviction relief, appellant is not entitled to our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) We do, however, consider the issues raised in appellant's supplemental brief. (*Cole*, at p. 1040.)

DISCUSSION

Section 1170.91 provides that a person serving a sentence for a felony conviction who was in the military and suffers from mental health problems "as a result of his or her military service may petition for a recall of sentence." (§ 1170.91, subd. (b)(1).) If, after a hearing, the court finds the defendant qualifies, "the court may, *in its discretion*, resentence the person following a resentencing hearing." (§ 1170.91, subd. (b)(3), italics added.) Thus, unlike the recent resentencing procedures mandating relief if the petitioner satisfies the relevant criteria, relief under section 1170.91 is discretionary. (*Ibid.*)

"'Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be

3

disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.'"'" (*People v. Williams* (2013) 58 Cal.4th 197, 270-271.)

Even if appellant was eligible for resentencing, as he claims, the trial court did not abuse its discretion by declining to mitigate his sentence. The jury convicted appellant of ten counts of lewd or lascivious conduct upon his eight-year-old daughter (§ 288, subd. (a)). On direct appeal, appellant argued his sentence was disproportionate to the relative severity of the crimes and his personal history. Among other things, he "point[ed] out that his criminal history is minor, *that he has served his country in the military*, and that he himself was molested by family members as a child." (*People v. Brock* (Jan. 19, 2005, B169224 & B173044) [nonpub. opn.], italics added.)[3] Appellant also "relie[d] heavily on two psychological evaluations that concluded he was not a pedophile and had a good prognosis for treatment." (*Ibid.*)

Familiar with the evidence at trial, the trial court concluded appellant did not deserve the requested relief. In so ruling, the court considered all of the mitigating factors, including those related to defendant's mental health conditions. Appellant's supplemental brief fails to provide any basis upon which we could conclude that the trial court abused its discretion in denying the petition.

Since nothing in appellant's supplemental brief raises an arguable issue on appeal from the order denying the petition for

---

[3] On our own motion, we take judicial notice of our prior opinion affirming the judgment. (Evid. Code, § 452, subd. (d).)

resentencing, we dismiss the appeal.  (*People v. Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

DISPOSITION

The appeal is dismissed.


PERREN, J.

We concur:


GILBERT, P.J.


YEGAN, J.

5

Judith L. Meyer, Judge
Superior Court County of Los Angeles

_____

Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.